UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW D. JOHNSON,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>  Respondent. | No. 2:22-cv-0536 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

By order filed March 25, 2022, petitioner was directed to either file a completed application to proceed in forma pauperis or pay the $5.00 filing fee for habeas petitions. ECF No. 9. He was further cautioned that failure to do so would result in a recommendation that this action be dismissed. Id. at 1. Petitioner responded to the order by saying that he did not have the money to pay the $350.00 filing fee. ECF No. 10. The court then clarified the applicable filing fee and granted petitioner thirty days to submit an application to proceed in forma pauperis or pay the filing fee. ECF No. 11. Petitioner was again advised that failure to comply would result in a recommendation that this action be dismissed. Id. at 2. In response, petitioner requested that the Clerk's Office call his ex-wife for the filing fee. ECF No. 13. Petitioner was advised that it is his responsibility to coordinate payment of the filing fee and that the Clerk's Office will not make

1

calls to collect the fee.  ECF No. 14.  He was then given thirty days to file an application to proceed in forma pauperis or submit the filing fee.  Id. at 2.  Petitioner was cautioned that no further extensions of time would be granted absent a showing of extraordinary circumstances and that failure to comply would result in a recommendation that this action be dismissed.  Id.

Thirty days have now passed and, although petitioner has filed several letters making various allegations regarding his confinement and once again requesting that the court call his ex-wife for the filing fee (ECF Nos. 15-17), he has not filed an application to proceed in forma pauperis, paid the filing fee, or demonstrated circumstances warranting a further extension of the deadline.  It will therefore be recommended that this action be dismissed without prejudice.

Petitioner has also filed a motion requesting that the court order the FBI to investigate attempts to murder him using "pill whits."  ECF No. 17.  Petitioner has previously been advised that it is outside the scope of the court's authority to order the FBI to conduct an investigation, and that if he seeks to challenge the conditions of his confinement he must do so through a civil complaint, not a habeas petition.  ECF Nos. 11, 14.  The motion for an FBI investigation will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an FBI investigation (ECF No. 17) is DENIED.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: June 15, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE