UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW D. JOHNSON, | No. 2:22-cv-0536 TLN AC P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| STATE OF CALIFORNIA, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On June 21, 2022, the undersigned screened the petition and found that, beyond stating that the conviction at issue was rendered in Solano County, the petition did not provide any details identifying the conviction being challenged and failed to identify any grounds for relief. ECF No. 19. Petitioner was given an opportunity to file an amended petition, which he has now done. ECF No. 26. The amended petition states that petitioner is challenging his conviction in case number VCR191129; it appears to allege that petitioner was forced to have an attorney represent him and that he should have received a copy of an investigative report that proved he was innocent. Id. at 2-3. Petitioner further alleges that the police admitted to making a false arrest, stealing his truck, sabotaging his Volvo, making false pictures, and kidnapping him. Id. at 3. The petition indicates that petitioner has not appealed his conviction in state court and that he

has a habeas petition pending, though no information is provided regarding when it was filed or its disposition. Id. at 5-6.

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates. See 28 U.S.C. § 2244(d)(1). In this case the applicable date appears to be that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Review of the petition for habeas corpus and related, judicially noticeable information indicates that the petition is untimely. Although the petition states that petitioner did not appeal his case in state court (ECF No. 26 at 5), a review of the California Supreme Court's electronic docketing system contradicts this representation.[1] It shows that petitioner filed a petition for review on December 2, 2010, that the judgment of the appellate court was affirmed on January 30, 2012, and that a petition for rehearing was denied on April 11, 2012.[2] The 2012 opinion of the California Supreme Court specifies that petitioner was challenging his conviction in Solano County case number VCR191129 – the same conviction challenged here – on grounds that his self-representation status was revoked and counsel was appointed over his objection – the same

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] See docket for California Supreme Court Case Number S188619 at
https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1963433&doc_no=S188619&request_token=NiIwLSEmPkw3W1BdSCM9VE9IIDw0UDxfKyBeXztRICAgCg%3D%3D.

claim presented here. See People v. Johnson, 59 Cal. 4th 519 (2012). There is no indication that petitioner filed a petition for writ of certiorari in the United States Supreme Court.

The instant petition, which was initiated in 2022, is therefore clearly untimely unless petitioner is entitled to statutory or equitable tolling, neither of which is apparent from the petition. Petitioner will therefore be required to show cause in writing why the petition should not be dismissed as untimely.

With regard to statutory tolling, the limitations period may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "However, the statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed.'" Roy v. Lampert, 465 F. 3d 964, 968 (9th Cir. 2006) (alteration in original) (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted).

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee

3

v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup[3] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

Finally, the court notes that the amended petition was accompanied by a letter reiterating petitioner's claims that officers are "pill witing" him. ECF No. 27. Petitioner is once again reminded that a habeas petition is limited to challenging the legality or length of his conviction, confinement, or sentence. Claims regarding his conditions of confinement, including how he is treated in the prison, must be brought in a separate civil complaint.

Accordingly, IT IS HEREBY ORDERED that within thirty days of service of this order, petitioner must show cause in writing why the petition should not be dismissed as untimely. Failure to comply with this order will result in a recommendation that the petition be dismissed.

DATED: August 24, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.