UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW D. JOHNSON, | No. 2:22-cv-0536 TLN AC P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed August 25, 2022, petitioner was ordered to show cause why the petition should not be dismissed as untimely. ECF No. 28. He has now filed his response. ECF No. 29.

In his response to the order to show cause, petitioner argues that his petition should be allowed to proceed because he has valid claims, and he is being held as part of a conspiracy to keep him in unlawful custody. Id. He further states that he did not file a petition sooner because he did not know how to do so. Id. at 2. To the extent petitioner may be attempting to argue that he is entitled to equitable tolling because he is actually innocent, he has presented no evidence to support this claim. When petitioner was ordered to show cause why this action should not be dismissed, he was cautioned that in order to pursue a claim for actual innocence he would be required to submit new evidence for consideration. ECF No. 28 at 4. With respect to his claim

1

that he did not know how to file a petition, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause to overcome procedural default). Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling or otherwise shown that his petition is timely. Therefore, as set forth in the August 25, 2022 order to show cause, which is incorporated herein by reference, the petition is untimely and should be dismissed. See ECF No. 28.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: September 26, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE